

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Criminal Action No.: 0:16-00807-MGL-2 |
| | § | |
| RICHARD TRYDELL BELL, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

### I. INTRODUCTION

Pending before the Court is Defendant Richard Trydell Bell's (Bell) pro se motion to reduce his sentence under the Frist Step Act of 2018 (2018 FSA or the Act). Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court Bell's motion to reduce his sentence will be denied.

### II. PROCEDURAL HISTORY

The grand jury indicated Bell on one count of conspiracy to distribute and to possess with intent to distribute 280 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count One), four counts of possession with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and a forfeiture count.

Bell pled guilty to Count One of the indictment. On November 13, 2018, the Court sentenced Bell to a term of imprisonment of 210 months and a term of supervised release of five years.

Bell filed the immediate pro se motions for sentence reductions based on the Act and the government responded in opposition.

## III. DISCUSSION AND ANALYSIS

A court may modify a term of imprisonment of a prisoner under only specific circumstances. First, a court can modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence). Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Finally, the Court may reduce a sentence "upon motion of the Director of the Bureau of Prisons . . . [provided the Court] finds that . . . extraordinary and compelling reasons warrant such a reduction . . . or . . . the defendant is at least 70 years of age, and has served at least 30 years in prison." 18 U.S.C. § 3582(c)(1)(A). A defendant can bring a motion under § 3582(c)(1)(A) on her own accord only after she "has fully exhausted all administrative rights of appeal [of] a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.*

Bell solely relies on the 2018 FSA as statutory authority to seek the sentence reduction. The Act broadened the applicability of existing safety value provisions for sentencing. First Step Act of 2018, Pub. L. 115-391, § 402, 132 Stat. 5194, 5221. The Act makes clear, however, these provisions "apply only to a conviction entered on or after the date of enactment of this Act." *Id.* § 402(b).

The President signed the 2018 FSA into law on December 21, 2018. Bell was sentenced on November 13, 2018. Because Bell's conviction was entered prior to enactment of the 2018 FSA, he fails to meet the requirements for relief under the Act.

## IV. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Bell's motion to reduce his sentence is **DENIED.**

**IT IS SO ORDERED.**

Signed this 30th day of March 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE