


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Criminal Action No.: 0:16-00807-MGL-2 |
| | § | |
| RICHARD TRYDELL BELL, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

## I. INTRODUCTION

Pending before the Court is Defendant Richard Trydell Bell's (Bell) pro se motion to reduce his sentence. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Bell's motion to reduce his sentence will be denied.

## II. PROCEDURAL HISTORY

The grand jury indicated Bell on one count of conspiracy to distribute and to possess with intent to distribute 280 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count One), four counts of possession with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and a forfeiture count.

Bell pled guilty to Count One of the indictment. This Court sentenced him to a term of imprisonment of 210 months and a term of supervised release of five years.

Bell is currently housed at Federal Correctional Institution Elkton (FCI Elkton) and has a projected release date on or about September 29, 2033. Bell filed this motion seeking a reduction to his sentence due to the Covid-19 pandemic.

## III. DISCUSSION AND ANALYSIS

A court may modify a term of imprisonment under only three specific circumstances. First, a court can modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence). Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Finally, the Court may reduce a sentence "upon motion of the Director of the Bureau of Prisons . . . [provided the Court] finds that . . . extraordinary and compelling reasons warrant such a reduction . . . or . . . the defendant is at least 70 years of age, and has served at least 30 years in prison." 18 U.S.C. § 3582(c)(1)(A). A defendant can bring a motion under § 3582(c)(1)(A) on his own accord only after he "has fully exhausted all administrative rights of appeal [of] a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.*

Bell fails to argue either of the first two scenarios are applicable. Rather, he moves for reduction solely on the basis of the third circumstance, alleging Covid-19 qualifies as an extraordinary and compelling reason.

Bell's concedes he failed to make a request to the warden of FCI Elkton for a motion on his behalf to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). Rather, he requests this Court ignore the statutory requirement. The Court fails to identify any legal basis for ignoring the statutory requirement. Therefore, because Bell fails to allege he filed a petition with the Warden and exhausted the administrative remedies, he is unentitled, under the statute, to move for the sentence reduction on his own. Accordingly, this Court is unable to entertain his motion.

## IV. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Bell's motion to reduce his sentence is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed this 1st day of June 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE